Marcie E. Schaap #4660
Joseph D. Amadon #16386
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive   #333
Salt Lake City, Utah 84117
Telephone:     (801) 201-1642
E-mail:
marcie@marcieeschaap.com
joe@marcieeschaap.com

Attorneys for Plaintiff

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| A.P., | **COMPLAINT** |
| Plaintiff, | |
| v. | Case No. 2:22-cv-00551-RJS |
| UNITED HEALTHCARE, INSPERITY HOLDINGS, INC., and INSPERITY GROUP HEALTH PLAN, | Judge Robert J. Shelby |
| Defendants. | |

---

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, A.P. ("Plaintiff" herein) received medical treatment at Jordan Valley Medical Center, (the "Hospital"), in West Jordan, Utah.

2. INSPERITY HOLDINGS, INC. ("Insperity" herein) is a foreign corporation.

1

3. Insperity sponsored the INSPERITY GROUP HEALTH PLAN (the "Plan") of which A.P. was a participant and beneficiary.

4. Insperity is the Plan Administrator of the Plan.

5. UNITED HEALTHCARE ("UHC" herein) is a foreign corporation.

6. Insperity contracted with UHC to insure the plan and administer benefits for the Plan.

7. Insperity, UHC, and the Plan may be referred to collectively herein as "Defendants."

8. UHC is an agent of Insperity in the administration of the Plan.

9. The Plaintiff received medical services from the Hospital on May 19, 2021 through May 21, 2021 ("Dates of Service" herein).

10. This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills, which the Defendants refuse to pay in full.

11. This is an action brought under ERISA. This Court has jurisdiction over this case under 29 U.S.C. §1132(e)(1). Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendants (or their agents) in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah. Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

12. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for other appropriate equitable relief under 29 U.S.C. §1132(a)(3), and for interest and attorneys' fees under 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

### A. Amount Owed

13. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

14. The Billed Charges for A.P.'s treatment were $93,697.74.

15. The Defendants paid $867.36 of the claim.

16. The Plaintiff's deductible as applied to this claim was $208.43.

17. The Plaintiff's copayment for this claim was $2,954.48.

18. A balance of $89,667.47, plus interest, remains due to the Plaintiff by the Defendants for the services Plaintiff received from the Hospital.

### B. Claims and Claim Processing

19. The Plaintiff's claim was submitted in a timely manner.

20. The Defendants denied the claim, contending that the treatment was provided by an Out-of-Network provider.

21. Despite denying a significant portion of the claim based on the provider being out-of-network, Defendants claimed a discount based on treatment being provided by a network provider.

22. Plaintiff's treatment was for an emergent medical condition that should have been paid at in-network rates in accordance with 45 C.F.R. §147.138(b).

23. Plaintiff appealed Defendants' denial.

24. Defendants denied Plaintiff's appeal, asserting that treatment charges exceeded an "Allowed Amount" but did not provide any factual support for their determination of the Allowed Amount.

25. On August 20, 2022, Plaintiff's litigation counsel sent another appeal to Defendants.

26. The Plaintiff has exhausted its administrative remedies.

27. A copy of all such communication records were sent to the Defendants (or their agents) prior to this litigation being filed.

28. The Defendants have not paid the outstanding balance due to the Plaintiff for the treatment it rendered to A.P.

**FIRST CAUSE OF ACTION**
(Recovery of Plan Benefits Under 29 U.S.C. § 1132(a)(1)(B))

29. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

30. The Plaintiff has submitted all proof necessary to the Defendants to support its claim for payment.

31. The Defendants have failed to provide evidence to the Plaintiff to support their basis for denial.

32. The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff, or available to it, which has caused the Defendants to deny this claim.

33. The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports their denial of the claims for A.P.'s treatment.

34. The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

35. The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. <u>MetLife v. Glenn</u>, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

36. The actions of the Defendants, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

37. The actions of the Defendants have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

38. The actions of the Defendants have caused damage to the Plaintiff by denying full payment of medical benefits that should have been covered under the terms of the Plan.

39. The Defendants are responsible to pay the balance of the claim for A.P.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

**SECOND CAUSE OF ACTION**
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

40. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

41. The Defendants have breached its fiduciary duties under ERISA in the following ways:

   A. The Defendants have failed to discharge its duties with respect to the Plan:

   1. Solely in the interest of the participants and beneficiaries of the Plan and

   2. For the exclusive purpose of:

      a. Providing benefits to participants and their beneficiaries; and

      b. Defraying reasonable expenses of administering the Plan.

       3. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

       4. By failing to fully investigate the Plaintiff's claims.

       5. By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

       6. And in other ways to be determined as additional facts are discovered.

42. The Defendants, in breaching its fiduciary duties under ERISA, have caused damage to the Plaintiff in the form of denied medical benefits.

43. In addition, as a consequence of the Defendants' breach of fiduciary duties, the Plaintiff has been required to obtain legal counsel and file this action.

44. Pursuant to ERISA and to the U.S. Supreme Court's ruling in <u>CIGNA Corp. v. Amara</u>, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

45. Therefore, the Plaintiff is entitled to payment of the medical expenses it incurred in treating A.P., as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $89,667.47, for attorneys' fees and costs incurred pursuant to 29 U.S.C.

   §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $89,667.47, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

3. For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 29th day of August, 2022.

            **MARCIE E. SCHAAP, ATTORNEY AT LAW, P.C.**

            By:  /s/ Marcie E. Schaap
                Marcie E. Schaap
                Attorney for Plaintiff